IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARONDA T.,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 25 C 6206 |
| v. | ) | |
| | ) | **Magistrate Judge** |
| FRANK BISIGNANO, | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Laronda T.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 11, 2022, Plaintiff filed claims for DIB and SSI, alleging disability since January 1, 2020. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on March 26, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") also testified.

On May 1, 2024, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 1, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: essential hypertension with end organ damage; chronic nonischemic cardiomyopathy/chronic heart failure; ventricular arrhythmia with status post

defibrillator implantation and subsequent failure and consequent repair of the failed defibrillator; morbid obesity; and diabetes. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can lift/carry 10 pounds occasionally and 5 pounds frequently; can occasionally engage in postural positions; can never climb ladders, ropes, or scaffolds; must work with avoidance of concentrated exposure to extremes of heat and cold; and must work with avoidance of unprotected heights and dangerous, unguarded machinery and moving machinery like forklifts in the aisle. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a cleaner. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also*

5

*Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's finding at step five that there were a significant number of jobs was erroneous; (2) the ALJ erred in assessing the opinion evidence from Dr. Amusa (the ME); (3) the ALJ erred in assessing Plaintiff's fatigue; and (4) the ALJ failed to properly assess Plaintiff's symptoms.

For her first argument, Plaintiff contends that the ALJ's step five finding is erroneous and the Commissioner has not met his burden of establishing that a significant number of jobs existed that Plaintiff could perform. With respect to his step five finding, the ALJ relied on the testimony of the VE that Plaintiff could perform work as a Sorter, Appointment Clerk, and Data Examination Clerk. (R. 29.) In his decision, the ALJ refers to these jobs as "unskilled work" with Specific Vocational Preparation (SVP) levels of two. (*Id.*) However, in fact, the jobs are semi-skilled positions with SVPs of three. Pointing to this discrepancy, Plaintiff asserts the ALJ failed to explain how Plaintiff (who previously worked in an unskilled position) would have the required transferable skills necessary to perform the specified semi-skilled jobs. *See* Social Security Ruling 83-10 ("Ability to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the

6

presence of recently completed education which allows for direct entry into skilled or semiskilled work.").

The Commissioner "bears the burden at step five to show that there exist substantial numbers of jobs in the national economy that the claimant can actually do." *Schmitz v. Colvin*, 124 F.4th 1029, 1033 (7th Cir. 2024) (citation omitted). *See also Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023) ("At step five, the burden shifts to the agency to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations.") (citation and internal quotations omitted). In this case, by all appearances, the ALJ mistakenly believed the specific jobs cited by the VE were unskilled positions when the ALJ ultimately determined that a significant number of jobs existed. The jobs were actually semi-skilled positions that exceeded Plaintiff's vocational profile. Along those lines, the ALJ's decision offers no explanation for how Plaintiff could transition from performing unskilled work as a custodian to performing semi-skilled work as, for instance, a Data Examination Clerk. The disconnect is readily apparent. As a Data Examination Clerk, Plaintiff would be required to, *inter alia*, "[c]ompare[] corrected input and output data with source documents, worksheets, and data displayed on screen of computer terminal to verify corrections." *See* DOT #209.387-022. Ultimately, the Court finds that remand is required because the ALJ's step five conclusion is not properly supported and the Commissioner has not carried his step five burden. *See Carla S. v. O'Malley*, No. 20 CV 3755, 2024 WL 113961, at *13 n.14 (N.D. Ill. Jan. 10, 2024) ("[I]t is the ALJ's burden at step five

7

and . . . on remand, the ALJ should clarify her position and explain why the number of national jobs she adopts based on the VE's testimony is sufficient.").[2]

For her second argument, Plaintiff contends that the ALJ did not properly consider all of the opinions of the ME, Dr. Kweli Amusa. As background, in his decision, the ALJ noted Plaintiff's testimony that "she experiences frequent unpredictable defibrillator shocks" and "her doctor recommended [that] someone be with her at all times" in case a shock occurred. (R. 23.) Dr. Amusa testified at the hearing that Plaintiff's doctor's recommendation that Plaintiff not be left alone was reasonable. (*Id.* at 72.) Plaintiff argues that, despite finding Dr. Amusa's opinions "markedly persuasive," the ALJ did not sufficiently account for Dr. Amusa's concurring opinion that Plaintiff should not be left alone. The Court agrees.

Importantly, the VE testified that there would not be any competitive work for an "individual [that] required that somebody be with them throughout the workday just to ensure that they don't [have a medical emergency]." (R. 78-79.) The VE further testified that Plaintiff's coworkers would not be responsible for her medical safety. (*Id.* at 79.) Despite this testimony, the ALJ's decision does not explicitly address Plaintiff's need for a companion (and the medical opinions affirming that requirement) whatsoever. This is another error requiring remand.

---

[2] Defendant concedes that "when the ALJ made his step five finding, he incorrectly wrote that each position had an SVP of 2." ([16] at 2.) However, Defendant maintains that "it is clear that plaintiff could perform the jobs based on the VE's testimony [and] any error with regard to the SVP was inconsequential." (*Id.*) The Court rejects that argument. It is far from "clear" that Plaintiff could perform the identified semi-skilled jobs (given that she previously worked in an unskilled cleaning position) and the VE's testimony does not provide any clarity on that issue. Further, the arguments now offered by Defendant that Plaintiff could perform the semi-skilled jobs amount to unavailing *pos hoc* rationalizations.

8

*See Heather W. v. Kijakazi*, No. 20 CV 132, 2022 WL 4386017, at *3 (N.D. Ill. Sept. 22, 2022) ("The ALJ erred by failing to explain why, despite giving great weight to Dr. Levitan's opinions, he did not include in the RFC determination a limitation corresponding to Levitan's opinion that plaintiff would have difficulty handling moderate work pressure and stress.").[3]

Plaintiff also challenges the ALJ's subjective symptom assessment. Plaintiff argues in particular that the ALJ erred with respect to his consideration of Plaintiff's activities of daily living. Pertinent to that argument, the ALJ noted that Plaintiff "reported preparing meals weekly, and doing chores such as making his [sic] bed, washing dishes, wiping kitchen counters, and doing laundry." (R. 23.) Later in his decision, in finding Plaintiff's subjective symptoms not entirely credible, the ALJ reasoned that Plaintiff's "reported activities of daily living are also not consistent with the medical evidence of record, including the claimant's reports to providers and examination findings." (*Id.* at 27.)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . .

---

[3] As a responsive argument, Defendant speculates that (with respect to the jobs identified by the VE) there would be "coworkers in the area" and "the positions would not reasonably be assumed to be performed alone, in isolation, and away from others." ([16] at 5.) The Court does not find that argument compelling, and, in any event, it amounts to an impermissible *post hoc* rationalization.

9

. complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

    Here, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficient. The ALJ did not adequately explain how, for instance, Plaintiff's ability to "wipe counters" contradicted her alleged disabling physical symptoms. *See Galarza v. Berryhill*, No. 17 C 3804, 2018 WL 4489584, at *3 (N.D. Ill. Sept. 19, 2018) ("[T]he ALJ gave no rationale for his conclusion that Plaintiff's ability to complete certain household chores and watch television equates to the level of sustained concentration required for competitive employment."); *Phillips v. Berryhill*, No. 17 C 4509, 2018 WL 4404665, at *8 (N.D. Ill. Sept. 18, 2018) ("[T]he ALJ does not explain how reading, watching television, playing computer games, and completing crossword puzzles – physically undemanding activities that Plaintiff could stop doing whenever she

10

needed or wanted to – are inconsistent with her description of 'fairly limited' daily activities."). The inadequacy of the ALJ's symptom assessment is another error requiring that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all medical opinions of record are properly evaluated, Plaintiff's fatigue is properly accounted for, and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   December 29, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**